IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN PADILLA, #Y22988, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-00057-SMY |
| | ) |
| SGT. TAYLOR, | ) |
| C/O LEPOSKY, | ) |
| C/O ROYSTER, | ) |
| C/O JOHN DOE, and | ) |
| C/O SLINKLAND, | ) |
| | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alan Padilla, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims under the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was forcibly removed from his cell in handcuffs and assaulted on November 23, 2017 following a verbal altercation with Correctional Officer Leposky. Plaintiff suffered blows to his face and body

resulting in physical injuries.  Sgt. Taylor, C/O Leposky, C/O Royster, C/O Slinkland, and C/O John Doe participated in the assault.  Plaintiff was denied medical treatment until December 9, 2017.

Based on the allegations in the Complaint, the Court finds it convenient to divide this action into the following Counts:

> Count 1:    Eighth Amendment use of excessive force claim against Defendants for assaulting Plaintiff on November 23, 2017.
>
> Count 2:    Eighth Amendment deliberate indifference claim against Defendants for denying Plaintiff medical care for the injuries he suffered on November 23, 2017.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.**[1]

## Discussion

The allegations in the Complaint are sufficient to allow the Eighth Amendment claims in Counts 1 and 2 to proceed against Defendants.

## Identification of John Doe Defendant

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the John Doe Defendant.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  The Warden of Menard Correctional Center will be added in his or her official capacity to respond to discovery aimed at identifying the John Doe Defendant.  Guidelines for discovery

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

will be set by the undersigned judge. Once the name of the John Doe Defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant for the John Doe Defendant.

## Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff has provided letters from three attorneys declining representation in this matter. The Court finds that he has made reasonable efforts to retain counsel on his own. That said, he has not shown any impediments to self-representation. His pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. At this time, he appears competent to prosecute this case without representation. Accordingly, the motions for recruitment of counsel (Docs. 8, 9) will be denied.

## Disposition

**IT IS HEREBY ORDERED** that Counts 1 and 2 will proceed against Sgt. Taylor, C/O Leposky, C/O Royster, C/O Slinkland, and C/O John Doe. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard Correctional Center, in his or her official capacity, to the docket for purposes of responding to discovery aimed at identifying the John Doe Defendant.

The Clerk of Court shall prepare for Sgt. Taylor, C/O Leposky, C/O Royster, C/O

Slinkland, Warden of Menard Correctional Center (official capacity only), and, *once identified*, John Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the John Doe Defendant until such time as Plaintiff has identified the John Doe Defendant by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Warden of Menard Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance. The Warden will

receive further instruction on discovery at a later date. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that the Motions for Recruitment of Counsel (Docs. 8, 9) are **DENIED** without prejudice and the Motion for Status of merit review (Doc. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 15, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.