IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN PADILLA, | ) |
| | ) |
|          **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:20-CV-57-MAB |
| | ) |
| AARON TAYLOR, et al., | ) |
| | ) |
|          **Defendants.** | ) |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendants' motion to vacate admissions (Doc. 55) and their motion to amend the scheduling order (Doc. 56).

**A. Motion to Amend the Scheduling Order** (Doc. 56)

The deadline for discovery was July 22, 2021 and the deadline for dispositive motions was August 23, 2021 (Doc. 46). Defendants are now asking the Court for an additional 60 days for discovery (Doc. 56). Because Defendants did not file their motion to extend the discovery deadline until *after* it had already elapsed, they are required to show that they failed to act "because of excusable neglect." FED. R. CIV. P. 6(b)(2); *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015); *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005).

In the motion, defense counsel states that the Office of the Attorney General was the victim of a ransomware attack in April 2021, which caused office personnel to lose access to their calendars, their email, and the network drives (Doc. 56). As a result,

defense counsel "inadvertently allowed the July 22, 2021, discovery deadline to pass without taking Plaintiff's deposition." (Doc. 56). Defense counsel further indicates that because he "did not have access to his network drives until on or about August 9, 2021 . . . there was no way for [him] to determine if the deposition had been taken prior to his involvement in this case." (Doc. 56).

From the outset, the Court notes that it understands the massive disruption the ransomware attack caused on the Office of the Attorney General. But the Scheduling and Discovery Order in this case was entered on September 22, 2020 (Doc. 46), and six months then elapsed between the beginning of merits-based discovery and the ransomware attack on April 10, 2021. Apparently nothing was done to secure the Plaintiff's deposition during that time. According to the motion, the ransomware attack prevented counsel from accessing his network drives for approximately four months, which eclipsed the discovery deadline. But the motion is completely silent on what efforts, if any, were taken to determine the discovery deadline or whether Plaintiff had been deposed, during this four-month period, as it became more and more evident that the interruption would last longer than expected.

Ultimately, Defendant's motion contains no information that would allow the Court to make a finding of *excusable* neglect. FED. R. CIV. P. 6(b)(2). The Court would expect that any motion of the sort would, at a minimum, reference the applicable legal standard and outline the efforts counsel made to avoid missing the discovery deadline. Accordingly, the motion to amend will be denied without prejudice. If Defendants wish

to file a new motion with more details, which would allow the Court to make a finding of excusable neglect, they may do so.

### B. Motion to Vacate Admissions (Doc. 55)

On March 22, 2021, Plaintiff filed Requests for Admission (Doc. 51). Defendants did not respond to the Requests for Admission. Pursuant to Rule 36(a)(3), if a party to whom requests for admission are directed fails to answer or object within 30 days of service, the matters are deemed admitted. FED. R. CIV. P. 36(a)(3); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 607 (7th Cir. 2008). However, Rule 36(b) permits the Court to allow withdrawal of the admissions if doing so would "promote the presentation of the merits of the action" and it would not prejudice the requesting party's ability to maintain or defend the action on the merits. FED. R. CIV. P. 36(b).

On August 23, 2021, Defendants filed a motion asking to vacate their admissions (Doc. 55). The Requests for Admission were filed on March 22, 2021 (Doc. 51) and according to Defendants' motion, the ransomware attack occurred on April 10, 2021 (Doc. 55). Defense counsel explained the ransomware attack prevented him from accessing his calendar and e-mail and therefore he lost track of the deadline to respond to Plaintiff's Requests for Admission until he regained access on or around August 20, 2021 (Doc. 55).

The motion to vacate, however, is conspicuously devoid of both the legal standard the Court must consider here and any facts or argument telling the Court *why* the withdrawal of the admissions will promote the presentation of the merits of this case and would not prejudice the Plaintiff in maintaining his action on the merits. *See* FED. R. CIV. P. 36(b); *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) ("A court, in its discretion,

may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced."). Nor is there any indication in the motion of what efforts, if any, were made following the ransomware attack to identify critical deadlines such as this one and respond accordingly. The Plaintiff filed his Requests for Admission on the Court's docket as required by SDIL-LR 26.1(b). In other words, it's not as if the only place these Requests for Admission could be found is on the Attorney General's network server. And while a response to the Requests for Admission on the precise due date was certainly not feasible here, it would seem that as the months passed and the disruption continued, it would have been prudent to perform some type of case inventory search on CM/ECF and identify any critical deadlines.

The Court is mindful that cases should be resolved on their merits, rather than procedural technicalities. *See Woods v. Rose*, No. 3:18-CV-01161-MAB, 2020 WL 6940827, at *4 (S.D. Ill. Nov. 25, 2020); *Ready v. Feeney*, No. 04 C 5245, 2005 WL 526886, at *2 (N.D. Ill. Mar. 2, 2005); *Fid. & Deposit Co. of Maryland v. Ramco Indus., Inc.*, No. 95 C 7015, 1996 WL 392164, at *3 (N.D. Ill. July 11, 1996). But the current motion before the Court provides no legal basis on which the Court can conclude that withdrawal of the admissions is warranted here. The motion is denied. But, again, the denial of this motion is without prejudice. If Defendants wish to file a renewed motion with the appropriate legal standard and details demonstrating why that standard is met, the Court will consider it at that time.

## CONCLUSION

Defendants' motion to vacate admissions (Doc. 55) and motion to amend the scheduling order (Doc. 56) are **DENIED without prejudice**.

At this time, all of the Requests in the March 22, 2021 filing are **DEEMED ADMITTED** unless and until Defendants provide a legal basis that would allow the Court to conclude that withdrawal of the admissions is appropriate (however even if this does occur, all objections are likely to be waived). Accordingly, the Clerk of the Court is **DIRECTED to STRIKE** the Responses to this set of Requests (Docs. 59-63).

Furthermore, because the Requests for Admission served by the Plaintiff on September 2, 2021 are substantively identical to the Requests served on March 22, 2021 (*compare* Doc. 51 *with* Doc. 58), the Clerk of Court is **DIRECTED to STRIKE** the September 2, 2021 Requests for Admission (Doc. 58) from the Court's docket and all of the Responses to this set of Requests (Docs. 64-68).

IT IS SO ORDERED.

DATED: September 17, 2021

s/ Mark A. Beatty
MARK A. BEATTY
**United States Magistrate Judge**